Order Entered.

Patrick M. Flatley
United States Bankruptcy Judge
Dated: Monday, December 22, 2008 2:35:33 PM

# THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BRIAN K. ROBB, and | ) | Case No. 03-4523 |
| SHARON M. ROBB | ) | |
| | ) | |
|       Debtors. | ) | Chapter 7 |
| _____ | ) | |
| | ) | |
| BRIAN K. ROBB, and | ) | |
| SHARON M. ROBB | ) | |
| | ) | |
|       Plaintiffs, | ) | |
| | ) | |
|       v. | ) | Adv. Proc. No. 08-9 |
| | ) | |
| NATIONAL TREE CO., | ) | |
| | ) | |
|       Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION

Brian and Sharon Robb (the "Debtors") filed this adversary complaint against National Tree Company to recover damages for alleged violations of the automatic stay, discharge injunction, and the West Virginia Consumer Credit Protection Act. National Tree moves to dismiss the complaint on the basis that the alleged facts of this case are insufficient to support the Debtors' alleged causes of action. The Debtors move for summary judgment alleging that the uncontested facts demonstrate their entitlement to relief.

For the reasons stated herein, the court will deny both motions.

## I. STANDARDS OF REVIEW

With regard to National Tree's motion to dismiss, a court must accept "all well pled allegations in the plaintiff's complaint as true, and draw[] all reasonable factual inferences from those facts in the plaintiff's favor. . . ." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir.

1999). The court may grant a motion to dismiss only if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Id.*

With regard to the Debtors' motion for summary judgment, entry of summary judgment is appropriate when the matters presented to the court "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056; *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment has the initial burden of proving that there is no genuine issue as to any material fact. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 161 (1970). Once the moving party has met this initial burden of proof, the non-moving party must set forth specific facts sufficient to raise a genuine issue for trial and may not rest on its pleadings or mere assertions of disputed facts to defeat the motion. *Matsushita Electric Industrial Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (stating that the party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts"). The mere existence of a scintilla of evidence in support of the opposing party's position will not be sufficient to forestall summary judgment, but "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). In ruling on a motion for summary judgment, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. A fact is not "genuinely disputed" unless the factual conflict between the parties requires a trial of the case for resolution. *Finley v. Giacobbe*, 79 F.3d 1285, 1291 (2d Cir. 1996) ("If there is any evidence in the record from which a jury could draw a reasonable inference in favor of the non-moving party on a material fact, this Court will find summary judgment is improper.").

## II. BACKGROUND

On October 27, 2003, National Tree obtained a $3,900 judgment against the Debtors. Nearly two months later, on December 23, 2003, the Debtors filed a Chapter 7 bankruptcy petition. The Debtors failed, however, to list the debt owed to National Tree on their bankruptcy schedules; consequently, National Tree never received notice of the Debtors' initial bankruptcy filing.

On February 17, 2004 – still without knowledge of the Debtors' bankruptcy filing – National Tree recorded its judgment against the Debtors in Ohio County, West Virginia, where the Debtors own real property. About the same time, National Tree also attached a bank account belonging to

the Debtors. On February 23, 2004, the Debtors' bankruptcy counsel notified National Tree of their bankruptcy filing, and National Tree voluntarily released its attachment on the Debtors' bank account. On February 27, 2004, the Debtors filed amended bankruptcy schedules, and included National Tree as a creditor on their schedule of unsecured creditors. Because it was now included as a creditor, National Tree received notice of the Debtors' June 8, 2004 Chapter 7 discharge order.

Meanwhile, National Tree neither took action to collect on its judgment, nor did it undertake any affirmative act to voluntarily release its recorded judgment. In September 2007, the Debtors attempted to sell their real property in Ohio County. At that time, the Debtors discovered that their property was still "encumbered" by the judgment recorded by National Tree. A portion of the sale proceeds was placed in escrow, and after contacting National Tree, it voluntarily released its lien on December 17, 2007. This adversary complaint was filed by the Debtors against National Tree on January 22, 2008.

### III. DISCUSSION

The Debtors contend that National Tree's failure to take affirmative steps to release its judgment lien following its notice of the Debtors' bankruptcy[1] constitutes an attempt to collect a

---

[1] Because the parties agree that National Tree did not have notice of the Debtor's December 23, 2003 bankruptcy filing when it recorded its judgment on February 17, 2004, the act of recording cannot constitute a *willful* violation of the automatic stay. *E.g.*, 11 U.S.C. § 362(k) ("[A]n individual injured by a willful violation of a stay . . . shall recover . . . ."); *Moyers v. Fair Credit Collections & Outsourcing, Inc.*, No. 07-29 (Bankr. N.D.W. Va. Dec. 23, 2008) ("When a party does not receive notice of a bankruptcy filing the creditor cannot commit a willful violation of the automatic stay."); *In re Preston*, 333 B.R. 346, 349 (Bankr. M.D.N.C. 2006) ("Without notice of the bankruptcy filing, Mr. Preston could not have willfully violated the automatic stay."). Even though no damages for the act of recording may be recovered by the Debtors, the act of recording the judgment itself is void because it was done in violation of the automatic stay. *E.g.*, 11 U.S.C. § 362(a)(2) (staying the "enforcement . . . of a judgment obtained before the commencement of the case . . . ."); *Winters by & Through McMahon v. George Mason Bank*, 94 F.3d 130, 136 (4th Cir. 1996) ("The Third, Fifth, Sixth, and Eleventh Circuits have decided that actions taken in violation of an automatic stay are voidable rather than void. The Second, Ninth, and Tenth Circuits have held that such actions are void. This court declines to address this issue . . . ."); *In re Crawford*, 388 B.R. 506, 518 (Bankr. S.D.N.Y. 2008) ("Even where a stay violation is not willful, the act taken in violation of the stay is void."); *In re Clayton*, 235 BR 801, 807 (Bankr. M.D.N.C. 1998) (same).

debt in violation of the automatic stay and discharge injunction of the Bankruptcy Code.[2] Regarding the alleged violation of the automatic stay, the Debtors assert that National Tree's failure to affirmatively release its judgment lien became willful once it received notice of the Debtors' bankruptcy filing. Similarly, the Debtors assert that National Tree received a copy of their discharge order, and its failure to affirmatively release its judgment lien after that date violates the discharge injunction, which violation was not abated until National Tree released the judgment on December 17, 2007.

The automatic stay of the Bankruptcy Code goes into effect when a case is filed, and terminates with respect to the debtor when the debtor receives a discharge, and terminates with respect to the estate on the earlier of the time when: (1) the affected estate property is no longer property of the estate, (2) the case is closed, or (3) the case is dismissed.  11 U.S.C. §§ 362(c)(1), (2).  Among other things, the automatic stay prevents "the enforcement against the debtor, or against property of the estate, of a judgment obtained before the commencement of the case."  § 362(a)(2). When a creditor willfully violates the automatic stay, the debtor has a cause of action for actual damages, costs, attorney fees, and in appropriate circumstances, punitive damages.  A "willful" violation of the automatic stay occurs when "the creditor acts deliberately with knowledge of the bankruptcy petition."  *Knaus v. Concordia Lumber Co. (In re Knaus)*, 889 F.2d 773, 775 (8th Cir. 1989); *see also Cooper v. Shaw's Express (In re Bulldog Trucking)*, No. 94-1936, 1995 U.S. App. LEXIS 29654 at *9-10 (4th Cir. Oct. 19, 1995) ("'A 'willful violation' does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional.'") (citation omitted).

---

[2] The Debtors also allege in their adversary complaint that National Tree violated the West Virginia Consumer Credit Protection Act, W. Va. Code 46A-1-101 et seq., by attempting to collect a debt that was discharged in bankruptcy.  The court has previously ruled, however, that State law causes of action to remedy collection attempts already governed by the automatic stay and discharge injunction are preempted. *Johnston v. Telecheck Servs. (In re Johnston)*, 362 B.R. 730, 736 (Bankr. N.D.W. Va. 2007) (holding that causes of action alleged under the West Virginia Consumer Credit Protection Act, that attempt to govern the same activity regulated by the Bankruptcy Code "imbricate the remedies provided by the Bankruptcy Code, [and], as applied, are preempted under the Supremacy Clause of the United States Constitution.").

Much like the automatic stay, upon entry of the discharge order, the discharge injunction of § 524(a) prevents, among other things, the "continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2). A violation of the discharge injunction is punished by contempt of court. *E.g.*, *ZiLOG, Inc. v. Corning (In re ZiLOG, Inc.)*, 450 F.3d 996, 1007 (9th Cir. 2005) ("A party who knowingly violates the discharge injunction can be held in contempt . . . ."). Determining whether a party may be held liable for civil contempt is a two part inquiry: (1) did the party know of the lawful order of the court, and (2) did the defendant comply with it. *Burd v. Walters (In re Walters)*, 868 F.2d 665, 670 (4th Cir. 1989); *see also Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000) (stating that to establish civil contempt, the movant must establish four elements by clear and convincing evidence: "'(1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) . . . that the decree was in the movant's 'favor'; (3) . . . that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) . . . that [the] movant suffered harm as a result.'") (citation omitted).

In this case National Tree had notice of the Debtors' bankruptcy filing on February 23, 2004, and it was served with a copy of the Debtors' June 6, 2004 Chapter 7 discharge order. Indeed, National Tree voluntarily released an execution lien on the Debtors' bank account after being notified of the Debtors' bankruptcy. The critical question, therefore, is whether National Tree's inaction in failing to release its recorded judgment constitutes a willful violation of the automatic stay sufficient to create a claim for damages, and/or a violation of the discharge injunction sufficient to give rise to a claim for contempt.

In some instances, a creditor's inaction can be found to constitute a willful violation of the automatic stay, and/or a violation of the discharge injunction. For example, some courts have determined that a creditor must take affirmative steps to return a repossessed automobile after a debtor files bankruptcy. *See, e.g.*, *Brown v. Town & Country Sales & Serv., Inc. (In re Brown)*, 237 B.R. 316, 319 (Bankr. E.D. Va. 1999) ("The majority of courts have held that a debtor is entitled to the return of a vehicle post-petition simply upon filing a bankruptcy case."). Other cases include the the intentional failure to update a credit report, the failure to release a garnishment, or the withholding of certain privileges until payment of a past due obligation is made. *E.g.*, *Puller v.*

*Credit Collections USA, Inc. (In re Puller)*, No. 06-157, 2007 Bankr. LEXIS 2017 at *22-23 (Bankr. N.D.W. Va. June 20, 2007) (holding that a creditor that intentionally fails to update a credit report, and thereby lies in passive wait to see if the debtor will voluntarily repay the obligation, is engaged in a type of trap hunting that can constitute a violation of the automatic stay or discharge injunction); *Roche v. Pep Boys, Inc. (In re Roche)*, 361 B.R. 615, 622 (Bankr. N.D. Ga. 2005) (holding that garnishing creditors "may not continue to actively or passively assert control indefinitely over estate property once they are notified of the automatic stay."); *Jessamey v. Town of Saugus*, 330 B.R. 80 (Bankr. D. Mass. 2005) (refusal to renew car registration until excise tax paid).

      Here, drawing all reasonable factual inferences in the Debtors' favor, it appears that the Debtors could prove a set of facts in support of their claims for violation of the automatic stay and the discharge injunction against National Tree. Namely, National Tree received notice of the bankruptcy filing in February 2003, and it kept its judgment lien in place until December 2007. National Tree's failure to affirmatively release its judgment caused the Debtors to escrow money from the sale of their property and to hire counsel to get the lien released. It is possible that National Tree's inaction may have been an attempt to collect a debt in violation of the automatic stay and discharge injunction; consequently, National Tree's motion to dismiss will be denied and the court will allow the Debtors to conduct discovery on their claims.

      Regarding the Debtors' motion for summary judgment, drawing all inferences in favor of National Tree as the nonmovant, the uncontested facts of this case fail to establish that National Tree's inaction in failing to affirmatively release its judgment lien was an intentional act to collect on the discharged, pre-petition debt owed to it by the Debtors. Namely, National Tree recorded its judgment in unwitting violation of the automatic stay based on the Debtors' failure to name it as a creditor in their original bankruptcy schedules and mailing matrix. When requested, National Tree released an attachment of the Debtors' bank account, and released the judgment lien against their real property. National Tree never took any affirmative act after filing the judgment to collect on it. The proceeds placed in escrow from the sale of the Debtors' real property was eventually paid to the Debtors. In short, the Debtors have failed to demonstrate on summary judgment that National

Tree's inaction was actually an affirmative attempt to collect a debt.[3]

## IV. CONCLUSION

The court will deny both National Tree's motion to dismiss and the Debtors' motion for summary judgment. The court will schedule a further pre-trial conference so that this case can move forward to trial. A separate order will be entered pursuant to Fed. R. Bankr. P. 9021.

---

[3] The court also notes that National Tree has raised the affirmative defense of mitigation in its answer to the adversary complaint. Not every violation of the automatic stay or discharge injunction gives rise to a claim for damages. *E.g.*, *In re Preston*, 333 B.R. 346, 351 (Bankr. M.D.N.C. 2005) ("Because the only damages the Debtor sustained are those manufactured by the Debtor's counsel, which could have easily been mitigated, the Court will deny any damage award to the Debtor."); *Shadduck v. Rodolakis*, 221 B.R. 573, 585 (D. Mass. 1998) ("Where the only damages to the debtor are the attorneys' fees related to bringing a contempt motion, courts have ruled that such damages are insufficient to satisfy the damages element of 11 U.S.C. § 362[(k)] unless the debtor attempts to resolve the dispute . . . prior to filing a motion for contempt and sanctions."); *In re Martinez*, 281 B.R. 883, 886 (Bankr. W.D. Tex. 2002) (opining that in some cases actual damages for violation of the automatic stay are "nearly non-existent, in which case no damages at all would need to be awarded."); *In re Sammon*, 253 B.R. 672, 681-82 (Bankr. D.S.C. 2000) (holding that the debtor did not suffer damages that could not have been mitigated by timely corrective action by the debtor or debtor's counsel and were therefore not entitled to damages); *In re Craine*, 206 B.R. 594, 206 B.R. 595, 597-98 (Bankr. M.D. Fla. 1997) (holding that no injury occurred in the context of Section 362[(k)] when the only damages were costs associated with filing the contempt motion and when the matter could have been resolved without resort to the court); *In re Brock Utils. & Grading*, 185 B.R. 719, 720-21 (Bankr. E.D.N.C. 1995) ("Counsel had established contact with Mr. Richardson of the IRS and had received assurances from him that the IRS would not seek to collect its claim in violation of the stay. A simple phone call to Mr. Richardson would have allayed any fears that the debtor might have had, and the motion for sanctions would not have been required. Any costs involved in bringing this motion were unnecessarily incurred and should not be reimbursed . . . .").

Of course, there is no "blanket rule" that all debtors must first notify creditors of stay or discharge violations before filing a cause of action, but "for inadvertent violations, such a requirement serves to notify the creditor of its improper behavior and serves to prevent needless litigation." *Price v. Pediatric Academic Assoc., Inc.*, 175 B.R. 219 (S.D. Ohio 1994). Here, National Tree voluntarily complied with the Debtors' request to release the judgement lien before the Debtors' filed this adversary proceeding. Other than being temporarily deprived of sale proceeds rightfully due them, the court is unsure exactly what other damages the Debtors have suffered as a result of National Tree's previous inaction.